
*Attorneys at Law*
45 BROADWAY, SUITE 620, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107

March 2, 2017

**Via ECF**
Honorable Dora Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  **Valdez et al v. Fresh Meadows Wings, LLC et al**
            **1:16-cv-05645-DLI-PK**

Dear Judge Irizarry,

    We represent the Plaintiffs in the above-referenced matter. We write in response to Defendants' letter dated December 7, 2017 in which they request a pre-motion conference with respect to Defendants' anticipated Motion to Compel Arbitration and Stay Litigation.

    Preliminarily, we apologize to Your Honor and counsel for Defendants for not having responded before today. The undersigned was managing this identical issue with another case, during this overlapping time frame, and had thought we had responded. It was not until this morning in preparing for the conference, that it became clear that a response had not been effectuated. We respectfully ask for both the Court and defense counsel's indulgence in accepting our response and again apologize for the inconvenience. It is neither the undersigned nor this firm's practice to leave anything without a response, it is an error not likely to occur a second time.

    Plaintiffs agree to arbitrate this matter. We are prepared to enter into a stipulation regarding same. Included in the stipulation, Plaintiff requests that the Court maintain subject matter jurisdiction pending the arbitration and that Defendants pay for the entirety of the cost of arbitration, without penalty to Plaintiffs if the matter is unsuccessful.

    It is Plaintiffs position that once the case has been filed with the federal claims, the federal court has subject matter jurisdiction. The federal court's subject matter jurisdiction over federal claims is not terminated with a mandatory arbitration clause.

    A motion to dismiss under FRCP 12(b)(1) on the basis of lack of subject matter jurisdiction would fail because even if the arbitration clause ultimately governs this dispute, the Court still has

subject matter jurisdiction over the claims. The SDNY has held that "[n]either Pyett[1] nor, to the Court's knowledge, any subsequent case in this Circuit has held that mandatory arbitration clauses of the type at issue here deprive courts of subject matter jurisdiction of claims sounding in federal law." Acevedo v. Tishman Speyer Props. L.P., 2013 U.S. Dist. LEXIS 42676 (S.D.N.Y. March 26, 2013) (citing Brown v. Services for the Underserved, 2012 U.S. Dist. LEXIS 106207 (E.D.N.Y. July 31, 2012) (construing Rule 12(b)(1) motion brought on the basis of mandatory arbitration clause as a motion to compel arbitration)).

As to the issue of payment of arbitration fees, given the low cost to access the federal court system, any agreement to arbitrate would need to be comparable for Plaintiff, otherwise further pursuit of their rights would cost prohibitive. Moreover, while it is understood that attorneys' fees to the prevailing party are available under all the statutes under which Plaintiffs' seek relief, under the judicial process via the courts, Plaintiff, even if unsuccessful would not be burdened with the costs that arise when using an arbitrator at several hundred dollars an hour.

In light of this, Plaintiff respectfully requests that the pre-motion conference be limited to the discussion of whether this Court will maintain subject matter jurisdiction over the matter and that all arbitration fees will be covered by Defendants without penalty to Plaintiffs if the matter is unsuccessful.

Thank you for your consideration.

Respectfully submitted,

_____/s/_____
Marjorie Mesidor (MM9936)


cc:     Edward Lynch (via ECF)

---

[1] 14 Penn Plaza LLC v. Pyett, 556 U.S. 247, 129 S. Ct. 1456, 173 L. Ed. 2d 398 (2009) This case cited by the defendants in Acevedo v. Tishman Speyer Props. L.P., 2013 U.S. Dist. LEXIS 42676 (S.D.N.Y. March 26, 2013).